UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS JOHN WILLIAMS,<br><br>                    Plaintiff,<br><br>     v.<br><br>MARYANNE BREWER, *et al.*,<br><br>                    Defendants. | Case No. C13-615-JLR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Carlos John Williams filed an *in forma pauperis* application, Dkt. 4, and a proposed 42 U.S.C. § 1983 complaint, Dkt. 1, alleging that defendants A/C MaryAnne Brewer and Sergeant McCarthy, officers at Monroe Correctional Complex ("MCC"), violated the Constitution by serving him a kosher meal with a broken seal and then by not accepting his second attempt to exchange it. Mr. Williams later filed a proposed motion for appointment of counsel, Dkt. 8, and a proposed motion to amend his complaint, Dkt. 7, to add an unrelated claim against unspecified persons that he was transferred into a different facility as retaliation for bringing a purported *pro se* class-action lawsuit in state court. The Court recommends **DISMISSING** this lawsuit with prejudice for failure to state a claim, **DENYING** his IFP application and motion to appoint counsel as moot, and **DENYING** his motion to amend his complaint as moot, futile and vague. *See* 28 U.S.C. § 1915A(b)(1).

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Mr. Williams alleges that defendants retaliated against him for filing grievances against defendant Ms. Brewer by serving him a kosher meal with a broken seal, then giving him another kosher meal with a broken seal, then not exchanging that meal for a sealed one upon his second request. Dkt. 1, at 1–13. Food Manager Lyndia Heise responded to Mr. Williams's grievance by stating that she watched Ms. Brewer prepare the meals and did not see any kosher meals that went out unwrapped. Dkt. 1, at 5. Ms. Heise also apologized if Mr. Williams was given any difficulties regarding an unsealed meal and directed that any meal with a broken seal should be replaced. *Id.* On administrative appeals, this resolution was affirmed. Dkt. 1, at 7, 9. Nonetheless, Mr. Williams sues Ms. Brewer and Sergeant McCarthy for conspiring to violate his First Amendment rights to be free from retaliation and to freely exercise his religion, and his Eighth Amendment right to be free from cruel and unusual punishment.

Whether a state prisoner can support a claim of retaliation against a corrections officer on the basis of First Amendment rights to file prison grievances and pursue civil-rights litigation is well-travelled terrain:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate **(2) because of** (3) that prisoner's protected conduct, and that action (4) chilled the inmate's exercise of his First Amendment rights, and **(5) the action did not reasonably advance a legitimate correctional goal**.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (emphasis added). Even if Mr. Williams's factual allegations are taken as true, he has failed to support a retaliation claim at all five steps of the *Rhodes* test. There is no plausible claim that defendants took an adverse action by providing him with an unsealed kosher meal, that he received an unwrapped meal because he complained about Ms. Brewer, that the act chilled the exercise of his right to file grievances, and

that the rejection of a second exchanged meal did not reasonably advance the legitimate correctional goal of managing food services for all inmates.

Mr. Williams's allegations do not implicate the Free Exercise Clause because he cannot demonstrate that eating a kosher meal that arrived unwrapped violates a sincerely held religious belief.  *See Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

Mr. Williams's allegations also do not implicate the Eighth Amendment.  The Eighth Amendment requires reasonably nutritious food, but otherwise does not require any particular type of diet for prisoners.  *Lemaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.").  By logical extension, the Eighth Amendment does not require a scrupulously wrapped meal.

Mr. Williams's original civil-rights complaint should be dismissed with prejudice for failure to state a claim because any proposed amendment regarding his unwrapped kosher-meal allegations would be futile.  His IFP application, Dkt. 4, and motion to appoint counsel, Dkt. 8, should be denied as moot.  His motion to amend his complaint to add a claim regarding his transfer to a new facility made against unspecified persons and based on unrelated conduct should be denied as moot, futile, and vague.  Dkt. 7.

## CONCLUSION

The Court recommends **DISMISSING** this lawsuit with prejudice for failure to state a claim, **DENYING** his IFP application and motion to appoint counsel as moot, and **DENYING** his motion to amend his complaint as moot, futile and vague.  *See* 28 U.S.C. § 1915A(b)(1).

Any objections to this Recommendation must be filed no later than **June 12, 2013.**  The Clerk should note the matter for **June 14, 2013**, as ready for the District Judge's consideration.

REPORT AND RECOMMENDATION - 3

1  Objections shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

2         DATED this 22nd day of May, 2013.

   _____
   BRIAN A. TSUCHIDA
   United States Magistrate Judge

REPORT AND RECOMMENDATION - 4