UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS JOHN WILLIAMS,<br><br>              Plaintiff,<br><br>    v.<br><br>MARYANNE BREWER, et al.,<br><br>              Defendants. | CASE NO. C13-0615JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

### I.    INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 10)), and Plaintiff Carlos John Williams' objections thereto (Objections (Dkt. # 27)).  Having carefully reviewed all of the foregoing, along with all other relevant documents and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 10) and DISMISSES Mr. Williams' complaint with prejudice.

ORDER- 1

# I. BACKGROUND

Plaintiff is seeking to proceed *in forma pauperis* in this action under 42 U.S.C. § 1983. (*See* Dkt. # 4.) Plaintiff's proposed complaint alleges that Defendants "conspired to deprive the plaintiff of his dinner meal in retaliation for various grievances filed against defendant MaryAnne Brewer." (Compl. (Dkt. # 1).) Plaintiff believes that Defendants gave him a kosher meal with a broken seal to get back at him for filing grievances against Ms. Brewer, and that in doing so Defendants violated the First and Eighth Amendments of the United States Constitution. (*Id.* at 2.) Plaintiff demands that "I receive an [sic] Kosher sealed dinner tray or equivalent! Tonight!" (*Id.*)

Magistrate Judge Tsuchida recommended denying Plaintiff's *in forma pauperis* application and dismissing the complaint with prejudice for failure to state a claim upon which relief may be granted. (R&R at 1.) First, Judge Tsuchida found that Plaintiff's complaint is faulty because it fails to properly allege all elements of a retaliation claim under the First Amendment. (R&R at 2.) Second, Judge Tsuchida noted that Plaintiff failed to allege a claim under the Eighth Amendment. (*Id.* at 3.)

In response, Plaintiff contends that his complaint states a claim under both the First and Eighth Amendments. (Objections at 2.) He also argues that "Magistrate Judge Tsuchida's cursory case citations are insufficient to support its holding in the R&R." (*Id.* at 4.)

# II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Plaintiff is proceeding *pro se*, this court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

### III.   DISCUSSION

Neither of Plaintiff's objections raise novel arguments that were not addressed by Magistrate Judge Tsuchida's Report and Recommendation. Moreover, the court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that record. The court independently rejects Mr. Williams' arguments for the same reasons as Magistrate Judge Tsuchida. In particular, the court finds that Mr. Williams has not stated a claim for relief under well-established precedent regarding prisoner claims under 42 U.S.C. § 1983. Mr. Williams does not sufficiently allege the elements necessary to prove a § 1983 claim under the Eighth Amendment or the First Amendment.

Mr. Williams has also submitted a proposed amended complaint, but that complaint suffers from the same flaws as the original complaint. The court

acknowledges that the amended complaint alleges additional facts that make Mr. Williams' claim somewhat more plausible.  However, having reviewed the amended complaint, the court finds that it does not state a First Amendment claim because "[e]ven if Mr. Williams' factual allegations are taken as true . . . [t]here is no plaisuble claim that defendants took an adverse action by providing him with an unsealed kosher meal, that he received an unwrapped meal because he complained about Ms. Brewer, that the act chilled the exercise of his right to file grievances, and that the rejection of a second exchanged meal did not reasonably advance the legitimate correctional goal of managing food services for all inmates." (R&R at 2-3.)  Likewise, the amended complaint does not state an Eighth Amendment claim because "[t]he Eighth Amendment requires reasonably nutritious food, but otherwise does not require any particular type of diet for prisoners." (*Id.* at 3.)

### IV.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # 10) in its entirety;

(2) The court DENIES all pending motions in this case as moot (Dkt. ## 14, 15, 21, 22);

(3) The court DISMISSES Plaintiff's proposed complaint (Dkt. # 1) with prejudice; and

//

//

ORDER- 4

1      (4) The court DIRECTS the Clerk to send copies of this Order to Plaintiff, to

2 counsel for respondent, and to Magistrate Judge Tsuchida.

3      Dated this 5th day of August, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 5